E. D. RAND and others *vs.* CHARLES S. GETCHELL and another.

December 13, 1877.

Attachment—Opposing Affidavits—Preponderance of Evidence.—Upon the supporting and opposing affidavits in this case it is not so clear that the preponderance of evidence in favor of respondents, upon the issues of fact presented by the original affidavits upon which the attachment was issued, was insufficient to justify the decision of the court below, as to warrant an appellate court in reversing it.

Appeal by defendants from an order of the district court for Ramsey county, *Simons*, J., presiding, denying a motion to dissolve an attachment.

*Morris Lamprey*, for appellants.

*Davis, O'Brien & Wilson*, for respondents.

CORNELL, J. It is contended by appellants that the decision of this court, at the last term, in the case of *Carson* v.

*Getchell,* 23 Minn. 571, (these same defendants,) affirming the order dissolving the attachment therein, is decisive in this, and requires a reversal of the order which is the subject of this appeal.

It is true that the writ herein was issued about the same time, upon a like affidavit and the same grounds as in that case, and that the motion to dissolve raises the same issues concerning the alleged insolvency of the defendants, and their fraudulent disposition and intended disposition of property, as against their creditors. It is also true that the same opposing and supporting affidavits which were used in contesting the issues in the former case were used in this, but in the latter additional affidavits were introduced, disclosing new and material facts bearing upon the questions presented, which, in our judgment, clearly distinguish the two cases from each other.

These new affidavits, and the facts therein disclosed, furnish some additional evidence tending to show the defendants' insolvency, and to substantiate the allegations in the original affidavit that they had assigned and disposed of a part of their property, and that they were about to assign and dispose of the rest with intent to hinder, delay and defraud the plaintiffs, their creditors. If true, they showed that defendants, on the twenty-second day of September, 1876, in order to raise funds to meet a maturing obligation, which they admitted they had not the ability to pay, resorted to the dishonest expedient of drawing a draft of $1,250 on the said E. D. Rand & Co., not only without authority, but in the expectation that it would be dishonored, and sold it on the false pretense and representation that they had such authority, and that it would be accepted and paid by the drawees. They also tended to show that after the commencement of this action defendants instigated the commencement of numerous suits against them by other creditors, with the intention of allowing judgments to be obtained against them by default, and for amounts in many of them largely exceeding what was justly due, so that all

their property might be subjected to levy and sale on executions issued upon the judgments thus collusively obtained, and the plaintiffs be thereby wholly prevented from realizing anything on their said claims; and that in one of these suits, instituted in another state, where the defendants had property, one of them voluntarily went into that state to be served with process, so that they might be subjected to that jurisdiction, and the purpose of the suit—which was to secure and enforce a prior lien against defendants' said property—be thereby aided and accomplished.

It is apparent that these new and additional facts materially strengthened the plaintiffs' case upon the questions of insolvency, and an intended disposition of property with fraudulent intent; and, taken in connection with the other affidavits, they raised a presumption that the property theretofore withdrawn by the defendants from the partnership funds, and appropriated to their individual use, was also done with a like fraudulent intent. The natural effect of this new evidence was to discredit somewhat the statements and denials made by the defendants in their personal affidavits, and to incline the preponderance of evidence in favor of the plaintiffs upon all matters in dispute concerning which there was any conflict in the affidavits; and we cannot say, upon the whole case, that the court below was at all in error in the conclusions which it reached.

Order affirmed.